124 So.2d 374 (1960)
Marshall J. LA FLEUR, Jr., James E. Coleman, Julius F. Scott, Marvin W. Rogillio, William H. Day, Cecil C. Lorio, and Claude J. Templet
v.
CITY OF BATON ROUGE.
No. 5111.
Court of Appeal of Louisiana, First Circuit.
November 15, 1960.
*376 R. Gordon Kean, Jr., John V. Parker, Baton Rouge, for appellant.
Dodd, Hirsch, Barker & Avant, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
HERGET, Judge.
Plaintiffs herein, members of the Baton Rouge Fire Department, appellees, proceeding under the Declaratory Judgments Act, LSA-R.S. 13:4231 et seq., filed suit against the City of Baton Rouge to obtain a judicial determination of the effect to be given to Act 219 of 1956 of the Legislature of Louisiana, which amended the provisions of LSA-R.S. 33:1992.
It is the contention of plaintiffs that the provisions of the Act which, among other things, fixes the minimum salaries to be paid to firemen and the percentage increase in salaries must be complied with by the City of Baton Rouge.
The City of Baton Rouge maintained that because of its Plan of Government adopted in accordance with Article 14, Section 3(a) of the Constitution of Louisiana that insofar as the City of Baton Rouge is concerned the legislative act in question is inapplicable to the city, that same is unconstitutional if applied to the City of Baton Rouge.
The District Court rendered judgment in favor of plaintiffs-appellees and against the City of Baton Rouge, defendant-appellant, declaring that the provisions of LSA-R.S. 33:1992 are applicable to the City of Baton Rouge and declaring that the governing authorities of the City of Baton Rouge are under a duty to pay the petitioners a salary as firemen employed by the Fire Department of the City of Baton Rouge in accordance with the provisions of said statute.
The matter is before this Court on appeal by the defendant, City of Baton Rouge, from this judgment.
Basically the issue presented for decision is whether or not the City of Baton Rouge or the Legislature is vested with authority to fix the pay of firemen under Section 3(a) of Article 14 of the Constitution of this State and the Plan of Government adopted by the City of Baton Rouge in accordance with this constitutional mandate.
The pertinent provisions of Section 3(a) of the Constitution reads, in part, as follows:
"The people of East Baton Rouge Parish shall have power to establish, in the manner hereinafter provided, government for the Parish and the several municipal corporations and other political subdivisions and districts situated therein.
* * * * * *
"(2) Plan of government. Subject to the constitution and laws of this state with respect to the powers and functions of local government, as distinguished from structure, organization and particular distribution and redistribution of such powers and functions among the several units of local government within the Parish, such plan of government may provide, among other things:
"(a) For consolidation, or reorganization, of all or part of the local governmental units, agencies and subdivisions in the parish, for the elimination or transfer of powers and functions of such units, agencies and subdivisions, for the creation of one or more new local governmental units, *377 agencies and subdivisions, for the reorganization of one or more local governmental units, agencies or subdivisions, for the extension of municipal limits, and for all matters necessary or appropriate to the effectuation of such provisions, including, without limitation, the assumption by one local governmental unit, agency and subdivision of indebtedness of another or other and transfer of official personnel records, funds and other property and assets; and
"(b) For revenue for the support of the one or more local governmental units, agencies or subdivisions proposed by the plan, including, without limitation, allocation of parish revenues to other units, agencies or subdivisions." (Italics by this Court.)
In accordance with this constitutional mandate, the Plan of Government for the Parish of East Baton Rouge and City of Baton Rouge placed the organization and activity of the Baton Rouge Fire Department under the authority of the City Council of the City of Baton Rouge.
Section 3.02 of the Plan of Government of the Parish of East Baton Rouge and the City of Baton Rouge reads, in part, as follows:
"Powers and Duties of the City of Baton Rouge and of the City Council. The City of Baton Rouge as extended by this plan of government shall continue to have all the powers and duties, except as provided in this plan of government, heretofore possessed by the City of Baton Rouge under its charter and the general laws of the state, and such other powers and duties not inconsistent with this plan of government as hereafter may be conferred or imposed on municipalities of the same population class. * * *"
Section 7.02 of the Plan of Government reads, in part, as follows:
"Fire Department Organization. The city council shall have, except as provided in this plan of government, all the powers and duties relating to the organization and activities of the fire department conferred or imposed on the City of Baton Rouge by its charter and the general laws of the state. * * *"
From a reading of Section 3(a) of Article 14 of the Constitution of Louisiana, LSA, hereinabove referred to, under which the Plan of Government for the Parish of East Baton Rouge and the City of Baton Rouge was adopted it is clear that by constitutional mandate the City of Baton Rouge was granted the authority to provide the structure, organization and particular distribution and redistribution of such powers and functions among the several units of local government within the Parish but the powers and functions of the local government were retained subject to the Constitution and the laws of this State. Therefore, the decision in this case appears to rest on the determination of whether the pay of firemen constitutes an exercise of the powers and functions of the City of Baton Rouge or whether such be comprehended within the provisions of the article of the Constitution of Louisiana and Plan of Government of the City of Baton Rouge respecting the structure and organization.
"Power" is defined in Webster's New International Dictionary, Second Edition, as follows:
"power. 1. Ability, whether physical, mental, or moral, to act; the faculty of doing or performing something; capacity for action or performance or for receiving external action or force; capability of producing or undergoing an effect, whether physical, mental, or moral; * * *."
This same source defines the word "function" as follows:
"function. 1. Action; activity; doing; performance.

*378 "2. a The natural and proper action of anything; special activity; office, duty, calling, operation, or the like."
This same authority defines "structure" as follows:
"structure. 2. Manner of building; form; make; construction.
"5. Figuratively, the interrelation of parts as dominated by the general character of the whole; as, the structure of society; the structure of a sentence."
As synonyms:
"Syn.Constitution, composition, make-up."
"Organization" is defined by this same authority as follows:
"organization. 1. Act or process of organizing, whether as a living structure or as any systematic whole; as, the organization of an army or a government.
"2. State or manner of being organized; organic structure; purposive systematic arrangement; constitution."
In view of the above definition of the word "power", we hold that the term "power" as used in the constitutional Article in question refers primarily to ability or capacity, which in our opinion is synonymous with inherent or basic authority to indulge in a particular undertaking or provide or perform a certain service.
"Function", however, as used in the aforementioned constitutional provision, may be likened to duty in the sense that it is complementary of the power (ability) conferred and, as such, is taken to mean onus or obligation to execute the power granted.
On the other hand, "structure" and "organization" and "distribution of powers and functions" relate not to ability, capacity, duty, onus or obligation to perform but to supervision, control and internal arrangement of the component parts of the mechanism or instrumentality through which the power (ability) conferred is exercised in obedience to the function (duty) imposed. Rank, classification, promotion, dismissal, wages and other incidental aspects of the operation of a fire department are not powers or functions since they are disassociated from and bear no legal relation to the ability, capacity, duty or obligation to maintain and provide services normally furnished by firemen. Such matters as rank, classification, promotion, dismissal and wages, inter alia, concern only the internal arrangement or organization of the component parts of a fire department and not the legal capacity to institute such a department or the obligation to maintain such a service.
The validity of the Plan of Government of the City of Baton Rouge was sustained in the decision of the Supreme Court of this State in the case of State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477.
This Court, in the case of Prevost v. Baton Rouge City Council, La.App., 106 So.2d 758, 760though the issue there involved arose from an action for mandamus and was not before the Court on the particular questionobserved:
"Furthermore, the City of Baton Rouge is a `home rule' municipality, operating under the provisions of a Plan of Government adopted August 12, 1947, pursuant to the provisions of Article 14, Section 3(a), of the Constitution of the State of Louisiana. Its validity has been sustained by the Supreme Court of the State of Louisiana in the case of State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477. The Plan of Government makes specific provisions that the control of finances, for the establishment of salaries to be received by the various employees of the city government, and for the audit and approval of expenditures, including the *379 audit of payrolls prior to the disbursement of funds therefor. Chapter 7 of the Plan of Government places the Fire Department under the direct control of the City Council and the Council is vested with `all the powers and duties relating to the organization and activities of the fire department', by the provisions of Section 7.02 thereof. Accordingly, it is very doubtful whether or not the provisions of LSA-R.S. 33:1992 applies to the City of Baton Rouge."
Recognizing and giving effect to these provisions, Judge Fruge, as organ of this Court, made this pertinent comment:
"* * * However, in the instant case, it is not certain that LSA-R.S. 33:1992 applies to the City of Baton Rouge because of the particular constitutional provisions which vest in the City Council authority to act in regard to salaries and pay increase in the Fire Department. The problem presented is not merely a question of analyzing and construing the provisions of LSA-R.S. 33:1992 et seq., but a question of whether or not it applies to the City of Baton Rouge * * *."
We are not concerned with the determination of the wisdom of having the salaries of the firemen fixed by the City of Baton Rouge or by the Legislature of the State inasmuch as we adhere to the belief that our duty is, as expressed in the maxim: Jus dicere, et non jus dareto declare the law, and not to make the law.
A municipality, where created by legislative mandate in accordance with the Constitution, is granted powers and authority which are subject to change by the Legislature but where the creation of the municipality has its origin in the Constitution itself, then the Legislature is not vested with authority to alter, change or interfere with the powers and authority so granted to the municipality. Under the "power and function of government" the obligation on the part of the City of Baton Rouge to furnish a fire department is self-evident, but it is difficult to conceive how the structure and organization of the fire department could be effectuated by the City of Baton Rouge without giving particular consideration to the salaries to be paid to the firemen. Since the aforesaid constitutional provision reserves all matters of structure and organization exclusively to the defendant, City of Baton Rouge, it follows that the question of pay of a fireman being a matter of structure and organization and distinguished from a power or function is reserved exclusively to defendant herein and Act 219 of 1956 is not applicable to defendant herein.
Counsel for plaintiffs referred to Section 9.01 of the Plan of Government, maintaining that under the very provisions of the Plan of Government adopted by the City of Baton Rouge recognition was given to the applicability of legislative enactment affecting the City of Baton Rouge.
Section 9.01 of the Plan of Government provides:
"System for Policeman and Firemen. Appointments, transfers, promotions, demotions, removals, and all other matters relating to the management of personnel in and for the fire department and police department shall be subject to the general laws of the state applicable to the City of Baton Rouge, provided that wherever in such laws the term Mayor is used it shall be interpreted to mean Mayor-President as far as the application of such laws to the City of Baton Rouge is concerned." (Italics by this Court.)
In our opinion, the meaning of the words "shall be subject to the general laws of the state applicable to the City of Baton Rouge," referred to in the citation is restricted to those legislative enactments with respect to the powers and functions of the local government which, under the Constitution, are applicable to the City of Baton *380 Rouge and have no effectiveness when related to matters pertaining to the structure, organization and distribution of such powers exclusively granted to the city by the Constitution.
For these reasons, we are of the opinion that under the Constitution of this State the provisions of LSA-R.S. 33:1992 are not applicable to the City of Baton Rouge, and the judgment of the Trial Court will be reversed.
Judgment reversed.