PER CURIAM.
Appellant-defendant and counter-plaintiff John Pitz (landowner) seeks review of a final judgment awarding appellee-plaintiff and counter-defendant — Tempco Air Conditioning, Inc., (air conditioning installer) $2,780.00, plus interest from August 11, 1970, in the company’s action on a contract to air condition Miami-Dade Junior College classrooms at the Downtown Campus. The essence of appellant-landowner’s claim is that the work on the air conditioning was negligently performed because it did not cool enough and because damage was done to the structure. In the final Judgment appealed, the trial judge, who was the trier of the facts, also awarded judgment in favor of the counter-defendant Tempco on the counterclaim.
The points on appeal concern whether the trial court erred in failing to allow appellant to call as an adverse witness the appellee’s representative, Mr. Jack Fagan, the salesman who originally negotiated the contract and whether the evidence supports the findings of the trial court that the air conditioning contract was fulfilled, rather than the equipment not operating properly due to appellee’s negligence.
We have examined the record, briefs, and arguments of counsel in light of the controlling principles of law, and *557 have concluded that the trial judge did not abuse her discretion in refusing to allow the appellant to call as an adverse witness a former salesman not then employed by or connected with the appellee at the time of trial and that the evidence supports the judgment of the trial judge. See: Direct Transport Company of Florida v. Rakaskas, Fla.App.1964, 167 So.2d 623, 626.
Affirmed.