WILLIAMS, Judge.
Plaintiffs are 21 policemen employed by the Department of Public Safety of the *857 City of Shreveport in the Subdepartment of Police. This suit by plaintiffs against the City is to recover wages for time and one-half pay for overtime hours worked in excess of 48 hours per week. The time period covered extends from June, 1968 to May 15, 1971. Plaintiffs base their claims on LSA-R.S. 33:2213 which provides:
“The maximum hours of work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade, or class above that of captain, in any municipality affected by this Sub-part, shall be forty-eight hours in any one calendar week, and eight hours in any one day. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale.”
This suit was originally filed on September 23, 1971. This case was previously before this court (Bradford, et al. v. City of Shreveport, 266 So.2d 254) at which time the judgment of the trial court sustaining an exception of no cause of action filed by the City was annulled and set aside and the case remanded for further proceedings. Writs refused, 263 La. 364, 268 So.2d 556.
After remand to the trial court, defendant City filed a peremptory exception of prescription as to all claims of plaintiffs which accrued more than one year prior to September 23, 1971, the date suit was filed. Subject to this exception the City filed an answer denying any liability to plaintiffs and incorporated therewith a special plea of laches and estoppel. These pleas were based on each plaintiff’s action in:
A. Accepting his pay as paid to him without protest;
B. Without protest, permitting defendant to expend its public funds for other purposes, said funds being appropriated on a yearly basis; and
C.Neglecting to timely file his claim and permitting an unreasonable delay to elapse before making his claim.
For these reasons defendant City argues plaintiffs are guilty of laches and are es-topped to recover their claims because this would impose an unreasonable hardship on the fiscal processes of the City.
The trial court overruled defendant’s plea of estoppel by laches. The plea of prescription was sustained and final judgment granted in favor of 15 plaintiffs for such overtime as was earned by them during the year prior to the date suit was filed. From this judgment plaintiffs and defendant City appealed.
The issues before this court raised by the City, as appellant, are (1) LSA-R.S. 33:2213 has no application to the City of Shreveport; (2) if said statute is applicable to the City, all of plaintiffs’ claims for time and one-half pay for overtime are barred by estoppel and laches.
Plaintiffs-appellants argue (1) the question of the applicability of LSA-R.S. 33:2213 to the City of Shreveport has been previously decided by this court and this contention by the City is without merit; (2) they are not guilty of laches and are not estopped to obtain the payments due them for overtime hours of work; (3) the prescription of one year provided by LSA-C.C. Art. 3534 is inapplicable to the class of employment to which plaintiffs belong, and accordingly, they are each entitled to the full sum of time and one-half pay each has earned over the entire period from June, 1968 until May 15, 1971.
It is appropriate to recite some of the factual background from which the present suit arose. In 1968 it was decided by officials of the Sub-department of Police, Department of Safety for the City of Shreveport that additional patrols in the predomi-nently Negro area of the City were re *858 quired. It was also determined these patrols would best be done by Negro patrolmen. To accomplish this, the Negro policemen employed by the City were asked to volunteer to work 12 hour shifts, six days a week. This program began in June, 1968 and continued, and for such overtime each was paid at his regular pay instead of time and one-half as required by LSA-R. S. 33 :2213. The program was discontinued when the Department of Public Safety had to cut down on its budget due to the failure of a tax renewal to pass. About this time plaintiffs learned for the first time that each was entitled to be paid time and one-half his usual hourly scale for such overtime. Demand for payment was made and after refusal by the City to pay, this suit followed.
The City has here reurged LSA-R.S. 33 :2213 has no application to the City. This was decided adversely to the City by this court in Bradford v. City of Shreveport, 266 So.2d 254, 263 La. 364, 268 So.2d 256, writs refused, therefore, this argument is without legal merit.
The trial court held that plaintiffs, as policemen, are “workmen” and therefore their claims for overtime pay due more than one year prior to September 23, 1971 were prescribed under LSA-C.C. Art. 3534 which provides:
“The following actions are prescribed by one year:
ifc >|< ‡ ij< i}t
“That of workmen, laborers and servants, for the payment of their wages.
In reaching this conclusion the trial court relied on the holding in Devillier v. City of Opelousas, 247 So.2d 412 (3d Cir. 1971). In Devillier the court specifically held firemen were classified as “employees” and not “officers” or “officials” of the municipality. We believe this readily distinguishes the Devillier case from the instant one involving only policemen. This court has previously held policemen employed by the City of Shreveport are “public officials”. Houston v. Brown, 292 So.2d 911 (decided March, 1974); Jones v. Anderson, 277 So.2d 697 (La.App., 2d Cir. 1973) ; Bolden v. City of Shreveport, 278 So.2d 138 (La.App., 2d Cir. 1973).
The provisions of LSA-R.S. 33:2211 and the Charter of the City of Shreveport define the general duties of policemen. Plaintiffs were employed by the City as policemen and are classified as a “public official” as each meets the definition thereof set forth in State v. Dark, 195 La. 139, 196 So. 47 (1940) as follows:
“The best general and most concise definition we have been able to find of what is a public office and who are public officers is that given by Mechem in his work on Public Officers, viz.:
‘A public office is the right, authority and duty, created and conferred by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer.’ Section 1, page 1.” [196 So. 47, 50]
LSA-C.C. Art. 3534 provides in part, as follows:
“The following actions are prescribed by one year:
“That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.

“That of workmen, laborers and servants, for the payment of their wages.
From a reading of this Codal article it is readily seen there is not named therein a policeman.
*859 LSA-C.C. Art. 3470 provides:
“There are no other prescriptions than those established by this Code and the statutes of this State now in force.”
It is well settled that prescriptive statutes are strictly construed, and the facts of the case must bring the action clearly within specific provisions of the law sought to be applied. Prescription cannot be extended by analogy from one subject to another. Meyer v. Parish of Plaquemines, 11 So.2d 291 (Orl.La.App., 1934) ; United Carbon Company v. Mississippi River Fuel Corporation, 230 La. 709, 89 So.2d 209 (1956); and Hayes v. Levy, 81 So.2d 172 (La.App., 2d Cir. 1955).
The nature of a policeman’s duties and responsibilities clearly remove him from the general classification of “workmen, laborers and servants”. Plaintiffs are policemen and as such we hold are “public officials” and are not “workmen, laborers and servants” of the City of Shreveport.
The argument is also made that plaintiffs are included in the category' “and persons performing their duties” in the first paragraph of Article 3534. Such phrase obviously refers to those performing their duties as officers associated with the justice of the peace court. Nor does the use of the word “constable” signify other than one who carries out certain duties under orders from the justice of peace court of the award in which the constable is elected. La.Const. Art. 7 § 49; LSA-R.S. 33:1701, 33:1706.
We hold the trial court erred in sustaining the plea of prescription of one year filed by the city and such plea should have been overruled. The City filed a plea of estoppel by laches which was overruled by the trial court. On appeal the plea is again urged by the City.
Plaintiffs’ claims for time and one-half pay covers the period from June, 1968 to May 15, 1971. During this time the overtime was earned on a volunteer basis and regular time pay was accepted to plaintiffs’ apparent satisfaction as no complaint was filed. It was only after the City discontinued the practice of permitting the policemen to work overtime that plaintiffs made their claims under LSA-R.S. 33:2213. The instant suit was filed September 23, 1971.
In Ziemer v. City of New Orleans, 195 La. 1054, 197 So. 754 (1940) the court stated it had recognized the doctrine of estoppel by laches and enunciated the principles upon which it is based and held the doctrine is well established in this State. This legal principle in its application is clearly stated in the Devillier case as follows :
“An unreasonable delay on the part of aggrieved public employees in asserting monetary claims against a public body may relieve that body of liability under the doctrine of laches. This equitable principle is not based on any law of prescription or limitation of actions. Instead, it is based upon the sound public policy of requiring reasonably prompt assertion of this type claim in order that the public revenues normally channeled in the claimant’s direction might not be irretrievably diverted to another public purpose, equally lawful and desirable, thereby upsetting the orderly fiscal processes of government. . . .” [247 So.2d 412, 419]
Similarly the court stated in Penny v. Bowden, 199 So.2d 345 (La.App., 3d Cir. 1967):
“ * * * In those cases and the authorities cited therein, it was recognized that unreasonable delay by a public employe in asserting admittedly valid monetary claims against a public body may relieve that body of liability for past due *860 salaries under the doctrine of laches. This principle is based upon the sound public policy of requiring reasonably prompt assertion of this type of claim in order that the public revenues normally channeled in the claimant’s direction might not be irretrievably diverted to another public purpose equally lawful and desirable, thereby upsetting the orderly fiscal processes of government.” [199 So.2d 345, 353]
.We find under the facts here the laches principle as above expressed applies. Plaintiffs were aware they were working overtime. Regular pay was accepted. It was only after the City stopped such overtime work that plaintiffs requested extra pay and in due course filed these proceedings. The evidence shows the serious results and drain the allowance of all plaintiffs’ claims would impose on the fiscal resources of the City of Shreveport. We conclude that the allowance of all of plaintiffs’ claims would impose a serious hardship on the City where there was an unreasonable delay by the claimant asserting his claim.
We must determine here what constitutes an unreasonable delay by plaintiffs in asserting their claims and the effect of this delay on the financial condition and fiscal processes of the City. City budgets for the Department of Safety for 1970 and 1971 and expenditures therefrom were as follows :
Appropriations Expenditures Surplus
1970 $7,254,379.00 $7,218,678.05 $ 35,700.95
1971 $8,422,405.00 $8,295,652.74 $126,752.26
The total claims of all plaintiffs for 1970 amount to $22,706.71, and for 1971, $10,910.26, resulting in gross claims amounts of $33,616.97 for such periods. Plaintiffs’ overtime employment stopped on May 15, 1971 and the instant suit was filed September 23, 1971. Knowledge of their legal entitlement to overtime pay was subsequent to May 15, 1971 and this suit was filed approximately four months later. During this period of delay plaintiffs sought through negotiations with the City representatives a peaceful settlement of their controversy.
In State ex rel. Pepper v. Sewerage & Water Board, 177 La. 740, 149 So. 441 (1933) our Supreme Court said:
“ * * * [In] legal significance, laches is regarded as not mere delay, but delay that works a disadvantage to another. Hence, there is and can be no fixed rule for determining what constitutes prompt action on the part of an aggrieved public employee to effectively assert his rights. Each case must depend upon its own peculiar facts. The question is one that calls for the exercise by the court of its sound discretion.” [149 So. 441, 442]
The charter of the City, Chapter 6, Section 6.01 provides:
“The fiscal year of the city shall begin on the first day of January and end on the thirty-first day of December following.”
This suit was filed during the City’s fiscal year 1971 and nine months and 23 days following the City’s fiscal year of 1970. Our conclusion is there was no unreasonable delay by plaintiffs in asserting their claims, their negotiations and final filing of the suit for claims for the fiscal years 1970 and 1971 of the City of Shreveport. From our review of the financial budgets for such years, we have reached the opinion that the orderly fiscal processes of the City of Shreveport would not be endangered by the allowance of plaintiffs’ claims for such fiscal periods. For these reasons we find the City’s plea of estoppel by lach-es only affects those claims made by plaintiffs which accrued prior to the fiscal year 1970 and such amounts accruing to each plaintiff during the fiscal years of 1970 and 1971 are to be paid to such claimant.
*861 For the reasons expressed, the trial court’s overruling of the plea of estoppel by laches is set aside and same is sustained only as to all plaintiffs’ claims based on earnings for overtime prior to the fiscal year of 1970, i. e., prior to January 1, 1970.
The record contains evidence of overtime earnings by each plaintiff during the fiscal year 1970 and 1971. The total amount due each plaintiff is therefore determined by this court, and accordingly, we have recast the judgment of the trial court to read:
It is ordered, adjudged and decreed that:
The City of Shreveport’s plea of prescription be and the same is hereby overruled;
The City of Shreveport’s plea of estop-pel by laches be and the same is hereby sustained as to all of plaintiffs’ claims prior to January 1, 1970;
Judgment is hereby rendered in favor of plaintiffs in the amounts set opposite their respective names and against the City of Shreveport, together with legal interest on the said sums from the date of judicial demand, September 23, 1971, until paid, and for all costs of these proceedings which may be taxable against the City of Shreveport as a matter of law:
$ 178.11 W. C. Bradford
130.00 R. L Cawrthans
2.119.33 E, L. Clark
2,218.08 J. C. Davis
1,906.84 J. S. Jackson
1.372.50 K. R. Jackson
1,990.65 Joseph Johnson
1.958.33 Roy Johnson
1.955.50 D. R. Kinchen
987.47 James Unnear
1,058.72 M. L McGrew
2,169.13 M. W. Nelson
2,188.08 E. R. Patterson
1,398.44 Louis D. Porter
1.840.59 0. B. Ross
1.780.60 Eddie L. Swift
2,322.96 Marvin Thomas
2,456.70 T. C. Tisdon
1,066.22 Alex Vallair
343.75, Mylas Webster
1,978.72 L. L. Williams
206.25 C. J. Lott (Intervenor)
Reversed and rendered.