PICKETT, Judge.
This is a suit for increased, retirement benefits. Edward C. Patterson was employed as a fireman and fire equipment operator for the City of Baton Rouge for many years. During this time he experienced several job related back injuries, the latest on February 21, 1970, which rendered him totally and permanently disabled.
This disability forced Mr. Patterson to retire on April 1, 1971, at which time he began drawing monthly disability retirement benefits in the sum of $299.82. On January 31, 1973, the Nineteenth Judicial District Court rendered judgment in favor of Mr. Patterson for workmen’s compensation benefits at the rate of $49.00 per week for five hundred weeks.
Thereafter, the amount of his disability retirement benefits was reduced by the amount of workmen’s compensation benefits pursuant to Section 6(10) (b) of the retirement system ordinance, which provides :
“Any amounts which may be paid or payable under the provisions of any Workmen’s Compensation Statute or similar law, to a member or to the dependents of a member on account of any accidental disability or accidental death shall, in such manner as the Board shall approve, be offset against and payable in lieu of any benefits payable out of funds provided by the City and Parish under the provisions of the Retirement System on account of the same accidental disability or on account of death.”
Plaintiff contends that the disability retirement benefits were earned and should be considered as wages so that they cannot be set off against workmen’s compensation benefits paid. He contends that the effect of the set off is to compel the employee to contribute to the employer’s workmen’s compensation insurance premiums, in violation of LSA-R.S. 23:1163.
We do not find that the statute is applicable in this case for two reasons. First, the statute is concerned with payment or reimbursement for payment of an insurance premium, and the trial court found that the city was self-insured. The Second and more compelling reason is the holding in LaFluer v. City of Baton Rouge, 124 So.2d 374 (La.App. 1st Cir. 1960). That case held that the terms of employment between the City of Baton Rouge and its firemen are not subject to general statutory law. The issue was the payment of supplemental pay provided by the legislature, but this court found that it did not apply to Baton Rouge because of Louisiana Const. Art. XIV, Section 3(a) and the Plan of Government adopted pursuant *124 thereto. We reach the same conclusion here, and find that the set off provision at issue is permissible.
Accordingly, the judgment of the trial court is confirmed, at appellant’s costs.
Affirmed.