385 So.2d 343 (1980)
Howard TULL
v.
CITY OF BATON ROUGE.
No. 13231.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Rehearing Denied June 9, 1980.
*344 Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Howard Tull.
Joseph F. Keogh, Walter G. Monsour, Baton Rouge, for defendant-appellee City of Baton Rouge.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
This is an action for 14 days' overtime pay by a former police officer of the City of Baton Rouge. The City of Baton Rouge filed exceptions of prescription and no cause or right of action. From a judgment of the trial court sustaining the exception of no cause of action, plaintiff appeals. We affirm.
Plaintiff contends that he is entitled to overtime pay under the authority of LSA-R.S. 33:2213 (as amended by La. Act No. 669 of 1976, Sec. 1). That statute reads as follows:
"The maximum hours of work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade or class above that of captain, in any municipality affected by this Subpart, shall be forty hours in any one calendar week. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale."
The Sub-part referred to in the statute is Sub-part B of Part III of Chapter 4 of Title 33. That Sub-part applies "... to municipalities having a population of not less than twelve thousand nor more than two hundred fifty thousand." (LSA-R.S. 33:2211.)
Thus, it would appear at first glance that the LSA-R.S. 33:2213 would apply to plaintiff's case. However, the problem is complicated by the fact that the Parish of East Baton Rouge has a Home Rule Charter. This Home Rule Charter was granted under the provisions of Art. 14, Sec. 3(a) of the Louisiana Constitution of 1921, which read in pertinent part as follows:
"Sec. 3(a). East Baton Rouge Parish
Section 3(a). The people of East Baton Rouge Parish shall have power to establish, in the manner hereinafter provided, government for the Parish and the several municipal corporations and other political subdivisions and districts situated therein.
* * * * * *
(2) Plan of government. Subject to the constitution and laws of this state with respect to the powers and functions of local government, as distinguished from structure, organization and particular distribution and redistribution of such powers and functions among the several units of local government within the Parish, such plan of government may provide, among other things:
(a) For consolidation, or reorganization, of all or part of the local governmental units, agencies and subdivisions in the parish, for the elimination or transfer of powers and functions of such units, agencies and subdivisions, for the creation of one or more new local governmental units, agencies and subdivisions, for the reorganization of one or more local governmental units, agencies or subdivisions, for the extension of municipal limits, and for all matters necessary or appropriate to the effectuation of such provisions, including, without limitation, *345 the assumption by one local governmental unit, agency and subdivision of indebtedness of another or other and transfer of official personnel records, funds and other property and assets; and
(b) For revenue for the support of the one or more local governmental units, agencies or subdivisions proposed by the plan, including, without limitation, allocation of parish revenues to other units, agencies or subdivisions."
Under the constitutional mandate, the Parish of East Baton Rouge and the City of Baton Rouge adopted a Plan of Government which became effective January 1, 1949. That Plan of Government has been amended six times, most recently on February 1, 1972. Although the Plan of Government has not been filed in the record, the Plan of Government has been duly filed with the Clerk of this Court and the Parish of East Baton Rouge, and this Court may take judicial notice of its provisions under the authority of LSA-R.S. 13:3712(B). (See Bradford v. City of Shreveport, 266 So.2d 254 (La.App. 1972), writ refused 263 La. 364, 268 So.2d 256 (1972).) The Plan of Government contains the following provision:
"SECTION 6.02. Police DepartmentOrganization. The city council shall have, except as provided in this plan of government, all the powers and duties relating to the organization and activities of a police department conferred or imposed on the City of Baton Rouge by its charter and the general laws of the state. The chief of police shall be in direct command of the department and, subject to the provisions of Chapter 9 of this plan of government, shall have power to appoint and remove all other officers and employees of the department. He shall assign all members of the department to their respective posts, shifts, details and duties. He shall make rules and regulations consistent with this plan of government, the ordinances of the city council, and the laws of the state, concerning the operation of the police department, the conduct of its officers and employees, and their equipment, training and discipline, and the penalties to be imposed for infraction of such rules and regulations, which when approved by the city council shall be binding on all members of the department."
Home Rule Charters in effect when the Louisiana Constitution of 1974 was ratified remained in effect by virtue of Art. 6, Sec. 4 of the 1974 Constitution. Article 6, Sec. 4 of the 1974 Constitution reads as follows:
"Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions."
The question then arises as to whether or not the provisions of LSA-R.S. 33:2213 may constitutionally apply to the City of Baton Rouge. La Fleur v. City of Baton Rouge, 124 So.2d 374 (La.App. 1st Cir. 1960), considering the applicability of a similar statute (LSA-R.S. 33:1992) to firemen of the City of Baton Rouge, answered this question in the negative. It held that the provisions of the East Baton Rouge Parish Home Rule Charter, more especially that clause of Art. 14, Sec. 3(a)(2) of the Constitution of 1921 which delegated to the people of East Baton Rouge Parish the power to regulate the "structure, organization and particular distribution" of powers and functions, rendered the provisions of the general statute[1] (which purportedly applied to firemen in municipalities having a population of thirteen thousand or more) constitutionally inapplicable to the City of Baton Rouge.
The holding in La Fleur was buttressed by the holding in Bradford v. City of *346 Shreveport, 305 So.2d 487 (La. 1975). In that case, policemen sought overtime pay under the statute upon which the present plaintiff founds his case. The City of Shreveport had a Home Rule Charter which did not contain the clause quoted[2] from the East Baton Rouge Parish Home Rule Charter, and the Court held that for that reason, and for that reason alone, the statute applied to policemen employed by the City of Shreveport.
We hold, under the decisions in La Fleur and Bradford, that LSA-R.S. 33:2213 (as amended by La. Act. No. 669 of 1976, Sec. 1) cannot constitutionally apply to the City of Baton Rouge, under the Home Rule Charter and Plan of Government as the statute involves the "structure" and "organization" of East Baton Rouge Parish and the City of Baton Rouge.
We must now consider plaintiff's contention that the constitutional inapplicability of the statute under Art. 6, Sec. 4 of the 1974 Constitution is an abridgement of the State's police power under Art. 6, Sec. 9(B) of that Constitution. Article 6, Sec. 9(B) reads as follows:
"(B) Police Power Not Abridged. Notwithstanding any provision of this Article, the police power of the state shall never be abridged."
We find the following language in La Fleur is pertinent:
"A municipality, where created by legislative mandate in accordance with the Constitution, is granted powers and authority which are subject to change by the Legislature but where the creation of the municipality has its origin in the Constitution itself, then the Legislature is not vested with authority to alter, change or interfere with the powers and authority so granted to the municipality. Under the `power and function of government' the obligation on the part of the City of Baton Rouge to furnish a fire department is self-evident, but it is difficult to conceive how the structure and organization of the fire department could be effectuated by the City of Baton Rouge without giving particular consideration to the salaries to be paid to the firemen. Since the aforesaid constitutional provision reserves all matters of structure and organization exclusively to the defendant, City of Baton Rouge, it follows that the question of pay of a fireman being a matter of structure and organization and distinguished from a power or function is reserved exclusively to defendant herein and Act 219 of 1956 is not applicable to defendant herein." (124 So.2d 374, 379)
The statute on the pay of firemen that La Fleur involved[3] has not been amended since La Fleur was decided. The scope of LSA-R.S. 33:2213, the statute involved in Bradford and in the present case, has not been broadened to apply to the Parish of East Baton Rouge Home Rule Charter since Bradford was decided. Although the statute has been amended since then (in 1976), the amendment had no express bearing on its applicability to the Home Rule Charter of that Parish, and we hold it has no implied bearing on its applicability.[4]
The amendment to LSA-R.S. 33:2213 subsequent to the effective date of the 1974 Constitution and to the denials of *347 rehearings in Bradford (1975) expressed no legislative intent to change the ruling in Bradford or that in La Fleur. The Legislature, we presume, did not find the inapplicability of the statute to East Baton Rouge by virtue of the constitutional grant of power to the local government to constitute an abridgement of the State's police power. We, therefore, hold that there is no abridgement of the State's police power in this case.
Accordingly, the judgment of the trial court sustaining the City of Baton Rouge's exception of no cause of action is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 33:1992.
[2] "... structure, organization and particular distribution ..." (quoting from Art. 14, Sec. 3(a)(2) of the Louisiana Constitution of 1921).
[3] LSA-R.S. 33:1992.
[4] For purposes of comparison, we quote LSA-R.S. 33:2213 as it stood before the 1976 amendment:

"Sec. 2213. Maximum hours
The maximum hours of work required of any full-time paid patrolman, patrolman first class, sergeant, lieutenant, or captain, or any other employee of the police department, except those employed in a position, grade, or class above that of captain, in any municipality affected by this Sub-part, shall be forty-eight hours in any one calendar week, and eight hours in any one day. In cases of emergency, any employee may be required to work in excess of the maximum. For each hour so worked the employee shall be paid at the rate of one and one-half times his usual salary, to be determined by reducing his monthly salary to an hourly scale."