446 So.2d 1213 (1984)
Ronald J. SPILLMAN et al.
v.
The CITY OF BATON ROUGE.
No. 84-C-0140.
Supreme Court of Louisiana.
March 9, 1984.
*1214 Denied.
DIXON, C.J., would grant the writ.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting from the denial of the writ).
Article XIV, § 26 of the 1974 Constitution provides that the 1974 Constitution "shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this Constitution." La. R.S. 33:1992 et seq., upon which plaintiffs base their claim, became effective in 1969, under the Constitution of 1921.
In the case of Lafleur v. City of Baton Rouge, 124 So.2d 374 (La.App. 1st Cir. 1960), we held that R.S. 33:1992 did not apply to the City of Baton Rouge because of the city's home rule charter. Thus, prior to the effective date of the 1974 Constitution, plaintiffs had no right to pay increases under R.S. 33:1992.
This court, however, has somehow determined that Article VI, § 14 of the 1974 Constitution automatically renders R.S. 33:1992 et seq. applicable to cities with home rule charters, without the necessity of any legislative reenactment of the statute. To begin with, there is considerable doubt whether supplemental pay is included within the term "minimum wages" under Art. VI, § 14. Even if one is willing to assume that the legislature is given authority under § 14 to require averaging of supplemental and base pay in computing longevity increases and holiday pay, the legislature would have to enact a statute pursuant to this authority. Art. VI, § 14 contains no express language which would indicate an intent to be retroactive; therefore, the general rule of Art. XIV, § 26 would apply, making Art. VI prospective only. To say that a legislative act passed under the 1921 Constitution may form the basis for a right which is claimed under the 1974 Constitution, when the clear language of the 1974 Constitution provides otherwise, is wrong.