Dear Mr. Lassus and Mr. St. Pierre:
This office is in receipt of your requests for an opinion of the Attorney General in regard to requirements for overriding a decision of the Planning and Zoning Commission by the local governing authority. We are informed that the St. Charles Parish Code of Ordinances allows for a simple majority vote of the Council to override any negative decision produced by the Planning and Zoning Commission on amendments to the St. Charles Parish Zoning ordinance whereas R.S. 33:109 specifies that local legislative bodies must produce a two-thirds majority vote to override a planning commission disapproval of any matter affecting the adopted plan and related regulations for any Louisiana community.
You ask the validity of the St. Charles Parish Council ordinance that provides for a simple majority vote override of the St. Charles Parish Planning and Zoning Commission's disapproval of individual amendments to the St. Charles Parish Zoning Ordinance.
Under R.S. 33:102 every parish and every municipality may create by ordinance a planning commission which will also constitute a zoning commission by R.S. 33:106. R.S. 33:103
provides the parish and municipal planning commissions shall consist of not less than five nor more than nine members at the discretion of the local legislative body. In 1990 R.S. 33:103 was amended by Act 699 as follows:
 Where a parish or municipality has adopted a charter for local self-government or other home rule charter and such charter provides for the establishment of a planning commission or otherwise provides for the functions of a planning commission to be performed by the governing authority or other board or commission, the provisions of this Subpart concerning membership, appointment, organization, and structure shall not be applicable. In such case, any parish or municipality with a home rule charter may avail itself of the power and authority granted herein to a planning commission; however, nothing herein shall diminish any power or authority already granted by a home rule charter or other law. (Emphasis added.)
Additionally, Article 6, Sec. 6 La. Const. 1974 states:
 The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
Therefore, while R.S. 33:109 provides no construction shall be authorized until approved by the commission and, in case of disapproval, "the local legislative body, which shall have the power to overrule such disapproval by a recorded vote of not less than 2/3 of its entire membership", St. Charles Parish is governed by a home rule charter that provides for the Planning and Zoning Commission.
This requires consideration of the Constitutional provision that the legislature shall not enact a law which affects the structure and organization or the particular distribution of the powers of any local governmental subdivision, and R.S. 33:103
whereby the legislature has exempted a community under a home rule charter that provides for the establishment and functions of the planning commission from the provisions of the Subpart concerning membership, appointment, organization, and structure.
Under the constitution the state law may not contradict or abrogate the structure and organization of the parish government with a home rule charter. However, this office has recognized where state law prescribes the powers to be exercised by the parish and mandates the means by which they may be exercised, home rule charter or not, the parish must conform to the mandate of state law. Atty.Gen.Op. No. 90-607. The governmental action of a home rule charter community cannot be inconsistent with general state law. A general statute supersedes and preempts any inconsistent or conflicting provisions of a home rule charter.
Based upon LaFleur v. City of Baton Rouge, 124 So.2d 374
(La. 1960), this office has recognized the distinction between "structure" and "powers", and found "powers" of the charter government, as opposed to the structure and organization, were subject to state law. "Power" was determined to be primarily the ability or capacity to indulge in a particular undertaking or perform a certain service, whereas "structure" refers to the internal arrangement or instrumentality through which the power is exercised. The authority must be exercised in conformity with state statute.
Therefore, in accordance with the Art. 6, Sec. 6 of the constitution and R.S. 33:103 the home rule community is not bound by the state provisions for "membership, appointment, organization and structure" of its Planning and Zoning Commission, but the override by the council goes beyond the structure or internal arrangement, and to the power. The power of the council cannot be inconsistent with the general state statute which mandates the means by which the council can exercise its override by requiring a 2/3 vote of the members to override the Planning and Zoning Commission.
Consequently, we must conclude the ordinance providing for an override by a simple majority is invalid, being in contravention of state law requiring "not less" than a 2/3 vote of its entire membership". As a home rule community St. Charles Parish council may provide for the structure or the distribution of its functions but must follow general state law in the exercise of its power.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 Richard P. Ieyoub Attorney General
 By: Barbara B. Rutledge Assistant Attorney General