JjDOUCET, Chief Judge.
The plaintiffs, Mark S. Lege and Acadi-an Ambulance Service, Inc. (Acadian), appeal the judgment in favor of the Defendants, the Abbeville City Council, the City of Abbeville, and MedExpress Ambulance Service, Inc.
After the Abbeville City Counsel voted to grant a permit allowing MedExpress to provide ambulance service in the City of Abbeville, Acadian filed suit alleging violations of the Public Meetings Law contained in La.R.S. 42:7 and asking for a writ of mandamus, declaratory judgment, and injunctive relief against the Council, the City, and MedExpress. Acadian alleges that the Council voted to grant a permit to MedExpress to provide ambulance services within the city of Abbeville at a meeting in April 2000. It argues that this was a violation of La.R.S. 42:7(A)(l)(b)(i) and (ii) because the grant of the permit was not on the Council’s agenda. It further argues that the Council’s action in granting the permit violated the Council’s own code of ordinances since the required “Certificate of Convenience and Necessity” was never issued following a determination that the public convenience and necessity required the additional proposed ambulance service.
MedExpress denied all allegations and reconvened for damages totaling at least $1,000,000.00 for unfair and deceptive trade practices by Acadian in attempting to thwart its efforts to obtain a permit and in protecting its monopoly on ambulance service. The City and the Council filed exceptions of lack of subject matter jurisdiction, improper use of summary proceedings, lack of procedural capacity, improper joinder of parties, no right of action, and no cause of action. The City reconvened alleging that Acadian should be enjoined from operating a private ambulance service within Abbeville because it would violate the City’s ordinances.
|?The trial court granted the Council’s exceptions and dismissed it as a party to the litigation. It dismissed Acadian’s claim for mandamus, injunction, and declaratory relief as against all parties and denied its oral motion for leave of court to amend its pleadings. Acadian appeals alleging that the trial court erred first, in denying its oral motion to amend their pleadings; second, in granting the City and the Council’s dilatory exception of lack of procedural capacity to be named as a party defendant; and, finally, in failing to enjoin the Council from issuing the permit. Although not specifically assigned as error, the Plaintiffs argue that the trial court erred in finding that the Plaintiffs did not have standing to sue.
Additionally, the Defendants have filed a motion to dismiss the appeal as moot.
IS THE CITY COUNCIL A LEGAL ENTITY CAPABLE OF BEING SUED UNDER THE PUBLIC MEETINGS LAW?
The trial court has concluded that the City Council is not a legal entity which may be sued under the public meetings law.
La.R.S. 42:4.2 provides that:
A. For the purposes of R.S. 42:1 through R.S. 42:12:
[[Image here]]
(2) “Public body” means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated util *1231 ities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
To discover what a municipal body is empowered to do, we must examine the municipality’s form of government to determine the powers granted it. See City Council of City of Lafayette v. Bowen, 94-584 (La.App. 3 Cir. 11/2/94); 649 So.2d 611, writ denied, 94-2940 (La.1/27/95); 650 So.2d 244; Dugas v. City of Breaux Bridge Police Dep’t, 99-1320 (La.App. 3 Cir. 2/2/00); 757 So.2d 741, writ denied, 00-0671 (La.4/20/00); 760 So.2d 1159.
The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20.

Such a determination will depend on an analysis of specifically what the entity is empowered to do.

Roberts v. Sewerage and Water Board of New Orleans, 92-2048, p. 10 (La.3/21/94); 634 So.2d 341, 346-47. (emphasis added).
The court may take judicial notice of city charters under certain circumstances. In Tull v. City of Baton Rouge, 385 So.2d 343, 345 (La.App. 1 Cir.), writ denied, 392 So.2d 663 (La.1980) (emphasis added), the court found that:
Under the constitutional mandate, the Parish of East Baton Rouge and the City of Baton Rouge adopted a Plan of Government which became effective January 1, 1949. That Plan of Government has been amended six times, most recently on February 1, 1972. Although the Plan of Government has not been filed in the record, the Plan of Government has been duly filed with the Clerk of this Court and the Parish of East Baton Rouge, and this Court of [Appeal-]may take judicial notice of its provisions under the authority of LSA-R.S. 1S:S712(B). (See Bradford v. City of Shreveport, 266 So.2d 254 (La.App.1972), writ refused 263 La. 364, 268 So.2d 256 (1972).)
La. R.S. 13:3712(B) provides that:
All courts of record in the state shall take judicial cognizance of the municipal ordinances and parochial ordinances which may be enacted by governing authority of any town, city, municipality, or parish within them respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of said court.
LLa.Code Evid. art. 202(A) has a similar provision regarding mandatory judicial notice of ordinances which have been filed with the clerk of court. La.Code Evid. art. 202(B) further provides that we must take judicial notice where: “a party requests it and provides the court with the information needed by it to comply with the request, and may take judicial notice without request of a party....”
*1232 Therefore, we could take judicial notice of the charter if a certified copy of it had been filed with the clerk of court for Vermilion Parish or if it had been filed into the record. However, we are unable to determine whether the Abbeville City Charter has been filed with the clerk of court for Vermilion Parish. Although the City attached a copy of the charter to its brief, we cannot find any reference in the record to the charter having been admitted into evidence.
Given the importance of this information to the determination at this level, we will remand this matter to the trial court to allow the record to be supplemented with the charter and any other matter significant to the status of the Council.
In the interest of judicial efficiency, we pretermit the consideration of the remaining assignments of error raised by the Plaintiffs until such time as the record has been thus supplemented.
MOTION TO DISMISS
The Defendants have filed a motion to dismiss this appeal as moot, alleging that Acadian has removed its entire ambulance service from Vermilion Parish and as a result Acadian no longer complies with the City’s requirements for ambulance service.
A moot case is one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens, St. Bernard, Inc., 384 So.2d 405 (La.1980); Coomes v. Allstate Ins. Co., 517 So.2d 436 (La.App. 1 Cir.1987); State in Interest of Minor Female Child, 470 So.2d 595 (La.App. 1 Cir.1985).
| sIt is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions. Savings Bank of Baltimore v. Venture 73, 452 So.2d 395 (La.App. 3 Cir.1984), writ den., 458 So.2d 487 (La.1984); Cox v. Watts, 329 So.2d 917 (La.App. 1 Cir.1976); Brown v. Town of Lake Providence, 200 So.2d 764 (La.App. 2 Cir.1967).
McCoy v. Calamia, 94-1274, p. 17 (La.App. 3 Cir. 4/5/95); 653 So.2d 763, 773-74, writ denied 95-1091 (La.6/16/95); 655 So.2d 336, quoting Roland Const. Co., Inc. v. City of Alexandria, 591 So.2d 808, 810 (La.App. 3 Cir.1991).
Examination of the record reveals that it does not contain sufficient evidence to allow us to determine whether this matter is now moot. Therefore, upon remand, the trial court is to hold a hearing to allow the introduction of evidence on the issue of whether this matter is moot.
CONCLUSION
We remand this matter to the trial court so that the record may be supplemented by the introduction of the Abbeville City Charter and other matters significant to the status of the Council. Further, the trial court is to hold a hearing and allow the introduction of evidence regarding whether this matter has been rendered moot by intervening circumstances.
REMANDED.
GREMILLION, J., dissents in part and assigns written reasons.
SULLIVAN, J., dissents for the reasons assigned by Judge GREMILLION.