229 So.2d 101

**John A. LETELLIER et al.**

**v.**

**JEFFERSON PARISH, Louisiana, et al.**

No. 49642.

Nov. 10, 1969.

Rehearing Denied Dec. 15, 1969.

Peters, Ward, Johnson & Phillips, Shreveport, for appellants.

Louis DeSonier, Jr., Parish Atty., Alvin Rudy Eason, Asst. Parish Atty., for defendants-appellees.

SANDERS, Justice.

The Jefferson Parish Firefighters Association and four of its members brought this declaratory judgment action to have recognized as valid and enforceable a statutory pension plan for Jefferson Parish firemen. Defendants are Jefferson Parish and members of the Jefferson Parish Council.

The pertinent facts are these: In 1966, the Louisiana Legislature adopted Act No. 409 creating a pension plan for Jefferson Parish firemen. The Jefferson Parish Council, the parish governing body, refused to implement the plan. The attorney for the Firefighters Association conferred with parish and association officials in an effort to avoid litigation. These discussions resulted in the presentation of a revised pension plan to the Legislature. The Legislature then enacted Act No. 120 of 1967, as an amendment to the original statute. Again, the Parish Council refused to implement the pension plan, and plaintiffs filed this declaratory judgment action to test the constitutionality of the statutes.

The district court held the pension plan contravened the Jefferson Parish Home Rule Charter, and was unconstitutional. Plaintiffs appealed to this Court.[1]

At issue is the constitutionality of Act No. 409 of 1966, as amended by Act No. 120 of 1967, establishing the pension plan for Jefferson Parish firemen.

The firemen contend the acts creating the pension plan are constitutional but, alternatively, the parish is estopped from asserting its plea of unconstitutionality because several councilmen and other parish officials attended the meeting that developed the revised pension plan.

The Parish contends the statutory pension plan is unconstitutional, because it violates Article XIV, Section 3(c), the Jefferson Home Rule Charter section, of the Louisiana Constitution.

Article XIV, Section 3(c) of the Louisiana Constitution provides:

1. When a statute is declared unconstitutional in the trial court, an appeal lies to the Supreme Court of Louisiana. Art. VII, Sect. 10, La.Const.

"The people of Jefferson Parish shall have the power to establish, in the manner hereinafter provided, government for the Parish and the several municipal corporations and other political subdivisions and districts situated therein.

\*    \*    \*    \*    \*    \*

"(2) Plan of Government. Subject to the provisions of the Constitution and laws of this State with respect to the *powers and functions* of local government, as distinguished from *structure, organization, and particular distribution and redistribution of such powers and functions* among the several units of local government within the Parish, such plan of government may provide, among other things: \* \* \*." (Italics ours.)

Pursuant to the constitutional grant, the people of the parish established a plan of government, providing in it a retirement system for all parish employees, including firemen.

■ Relying upon La Fleur v. City of Baton Rouge, La.App., 124 So.2d 374 (1st Cir. 1960), the trial judge held the firemen's pension system pertained to the "structure and organization" of the parish government and by the constitutional allocation fell under the exclusive control of Jefferson Parish. We agree with this holding.

The Jefferson Parish Charter provides for the operation of a retirement system

for parish employees. The contested statutes create "a Firemen's Pension and Relief Fund for the east bank consolidated fire districts of Jefferson Parish, Louisiana; [and] provide for a public corporation to administer same \* \* \*." The statutes purport to create a new public corporation to administer a pension plan for firemen and to transfer certain parish funds to an autonomous board of trustees. The statutes contravene the existing pension system insofar as it applies to firemen. Thus they change the structure and organization of Jefferson Parish government.

In La Fleur v. City of Baton Rouge, supra, under an identical home rule provision, the Court of Appeal considered the question of whether a state statute fixing minimum salaries for municipal firemen applied to the City of Baton Rouge. In rejecting the statute, the Court held:

"A municipality, where created by legislative mandate in accordance with the Constitution, is granted powers and authority which are subject to change by the Legislature but where the creation of the municipality has its origin in the Constitution itself, then the Legislature is not vested with authority to alter, change or interfere with the powers and authority so granted to the municipality. Under the 'power and function of government' the obligation on the part of the City of Baton Rouge to furnish a fire

department is self-evident, but it is difficult to conceive how the structure and organization of the fire department could be effectuated by the City of Baton Rouge without giving particular consideration to salaries to be paid to the firemen. Since the aforesaid constitutional provision reserves all matters of structure and organization exclusively to the defendant, City of Baton Rouge, it follows that the question of pay of a fireman being a matter of structure and organization and distinguished from a power or function is reserved exclusively to defendant herein and Act 219 of 1956 is not applicable to defendant herein."

Conceding the decision contradicts their arguments here, the firemen attack it as unsound. Specifically, they assert the court misconstrued the key words *powers and functions,* as opposed to *structure and organization.* When the words are properly defined, they argue, a pension system for firemen is a power or function of local government over which the state retained primary authority. We have carefully reviewed the constitutional language. In our opinion, the establishment and operation of a pension system for firemen is incidental to the operation of the fire department. As such, it forms an integral part of the structure and organization of local government, an internal matter under the exclusive control of Jefferson Parish.

■ The firemen also maintain that Jefferson Parish is estopped from asserting a plea of unconstitutionality because several of its officials took part in the revision of the pension plan later enacted by the Legislature.

It is true the Jefferson Parish Council adopted the following resolution:

"BE IT RESOLVED BY THE JEFFERSON PARISH COUNCIL, that this Council does hereby request the Finance Director and Parish Attorney to arrange a meeting with representatives of the Fire Department for the purpose of investigating and discussing a separate Pension Plan for the employees of the Fire Department, as authorized by State Law recently enacted; and to report to the Council on the matter."

The Council took no other official action. The circumstance that several members of the Council sat in on meetings at which the pension plan was discussed cannot redeem an unconstitutional statute under the theory of estoppel. To adopt such a theory would permit local officials to undermine constitutional mandates.

We hold, as did the district court, that Act No. 409 of 1966, as amended by Act No. 120 of 1967, is unconstitutional.

For the reasons assigned, the judgment of the district court is affirmed at plaintiffs' costs.