ELLIS, Judge.
This is a suit for a declaratory judgment. Plaintiff Sidney J. Gautreaux, Jr., domiciled in the City of Baker, asks for judgment declaring the City Court of the City of Baker to be unconstitutionally and unlawfully created. Alternatively, he asks for judgment declaring that the provisions relative to limits of jurisdiction of the court and *223 the qualifications of the judge are unconstitutional and unlawful. From an adverse judgment, plaintiff has appealed.
All of the facts of the case are stipulated. On May 16, 1970, the citizens of the City of Baker adopted a home rule charter, under the provisions of Article XIV, Section 40 of the Constitution of 1921. Article VII of the charter provided for the creation and operation of a City Court.
In the 1970 regular session of the legislature, two acts were adopted relative to the City Court of Baker. Act 424 of 1970, now R.S. 13:2488.21-2488.38, provided that the creation of the City Court of Baker by the home rule charter be ratified and confirmed. The said act further incorporated all of the provisions of Article VII of the home rule charter. It contains a sever-ability clause in the event of the constitutional invalidity of any of its provisions. It further provides that, except as otherwise provided therein, the City Court of Baker shall be governed by the provisions of R.S. 13:1871 et seq., the general legislative provisions relative to city courts.
Act 69S of 1970 proposed a constitutional amendment to ratify and confirm the City Court of Baker. This amendment was defeated by the voters in the November, 1970, general election.
Plaintiff contends first that the creation of the City Court by home rule charter is unconstitutional, in that it goes beyond the provisions of Article XIV, § 40 of the Constitution. His second, and alternative, contention is that even if validly created by the home rule charter, the creation of the City Court was nullified when the voters defeated the constitutional amendment.
The only provisions of Article XIV, § 40 which could be construed as giving authority to the citizens of Baker to create a City Court by adoption of a home rule charter is the following language contained in sub-section (d) thereof:
“The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no municipality shall exercise any power or authority which is inconsistent or in conflict therewith. Subject to the foregoing restrictions every municipality shall have, in addition to the powers expressly conferred upon it, the additional right and authority to adopt and enforce local police, sanitary and similar regulations, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions.”
The district judge found that the right to “enforce local police, sanitary and similar regulations” included within it the right to create a City Court. We cannot agree. Article VII, § 51 of the Constitution specifically vests the power to create City Courts in the legislature. We think that this specific grant of authority must prevail over the generalities contained in Article XIV, § 40.
However, we find that the legislature did in fact exercise its authority when it ratified and confirmed the creation of the Court in Act 424 of 1970 (R.S. 13 2488.21 et seq.). Although the briefs filed by counsel herein seem to assume that the validity of Act 424 depended on the adoption of Act 675 by the people of the State, we see no basis for this assumption. The legislature had full power to create the Court under Article VII, § 51, and did so in Act 424 of 1970. The fact that Act 675 was defeated at the polls does not detract from this authority, and there is nothing in Act 424 which in any way ties it to the proposed constitutional amendment, or vice versa.
We hold that the ratifying and confirming of the creation of the City Court by the home rule charter was tantamount to creating the Court, and that, in adopting Act 424 of 1970, the legislature corrected any legal insufficiency in the creation of the Court by the home rule charter.
In the further alternative, plaintiff asks that we declare the provisions of the char *224 ter relative to jurisdictional limits and the qualifications of the judge invalid.
Section 7.06 of the charter, and R.S. 13:2488.27, provide that the judge of the Court shall be a “duly licensed and practicing attorney who has been in the active practice of law before the courts of Louisiana for at least three years immediately proceeding (sic) the election . . . ”. Plaintiff points out that R.S. 13:1873 requires that the judge of a city court be licensed to practice law for five years. There are no constitutional requirements relative thereto. Plaintiff’s contention is without merit. The special provisions adopted by the legislature relative to the Baker City Court overrides the general provision adopted earlier and contained in R.S. 13:1873.
Section 7.02 of the home rule charter and R.S. 13:2488.23 provide that the court “shall have civil jurisdiction in matters involving amounts not in excess of one thousand dollars, exclusive of interest, and attorneys fees . . . ”. Article VII, § 51 of the Constitution of 1921 provides in subsection (B) that ,the legislature may “pass laws conferring civil jurisdiction on City Courts in cities where the combined population of the city and the ward or wards of the parish where situated is twenty thousand inhabitants, or more, concurrent with that of the District Court, where the amount in dispute, or the value of the movable property involved, does not exceed One Thousand Dollars, inclusive of interest and attorneys fees . . . ”.
The combined population of the City of Baker and the ward within which it is situated is stipulated to be in excess of twenty thousand inhabitants. Obviously, the jurisdictional amount set forth in the charter and in R.S. 13:2488.23 is greater than that specified by the Constitution, and, to that extent, the act is unconstitutional.
Reference to the general provision on jurisdictional limits, Article 4834 of the Code of Civil Procedure, shows that it also provides for $1,000.00 exclusive of interest and attorneys fees, and it is also in violation of the constitutional provision.
We further note, however, that the provisions of Article VII, § 51 are self-operative, so that the constitutional provision itself stands in place of the invalid provisions hereinabove referred to.
For the above and foregoing reasons, the judgment of the trial court is amended so as to declare that the City Court of the City of Baker, Louisiana, has been created in accordance with the provisions of the Constitution of 1921 by Act 424 of 1970, except that the jurisdictional limit therein exceeds that provided by Article VII, § 51 of the Constitution of 1921, to which amount it must be limited, and, as amended, it is affirmed. All costs of this appeal are to be paid by plaintiff.
Amended and affirmed.