PER CURIAM:
This is an election contest suit in which the issue is whether the defendant-appellant DeFrances, is qualified to be a candidate in a called election to fill a vacancy in the office of City Judge of the City of Baton Rouge. The election is scheduled for March 26,1983. Mr. DeWeese is a qualified elector of the City.
Although some parties were not named in their proper capacities in the petition,[2] and some were erroneously included or exelud- *471 ed, through admirable cooperation among all counsel, the proper parties are before the court in their proper capacities. Further, various factual stipulations enabled the trial court and this Court to handle the matter with greater facility than would have been possible otherwise.
We have carefully reviewed the entire record. The power of the legislature (as to the issue before us) transcends that of “The Plan of Government” (home rule charter) of the Parish of East Baton Rouge and the City of Baton Rouge.[3] Therefore, the residency requirement of two years, set by the legislative, is applicable. The territorial jurisdiction of the City Court lies within the city limits of the City of Baton Rouge. Mr. DeFrances, having become an elector of the City on February 17, 1983, is not qualified to be a candidate in the subject election.
Further reasons, and expanded treatment of this matter, are more fully reflected in the excellent reasons of Judge Roberts, which we adopt and annex hereto as Appendix A.
The judgment of the trial court is affirmed, at the cost of Mr. DeFrances.
AFFIRMED.
WATKINS, J., concurs.
LANIER, J., concurs and will assign reasons.
APPENDIX A

ORAL REASONS FOR JUDGMENT
THE HONORABLE CHARLES Wm. ROBERTS, JUDGE PRESIDING
TUESDAY, MARCH 1, 1983
This Court would have preferred having the time to give you detailed written reasons but inasmuch as this case was just reallocated to the Court yesterday afternoon, and had to be tried this morning, and that the Court already had matters scheduled for this afternoon and tomorrow, the Court has decided to go ahead and render oral reasons for judgment which will be reduced to writing and made available.
This case questions the qualifications of Mr. Ronald ¡DeFrances as a candidate for the office of Judge of the City Court of the City of Baton Rouge. The City of Baton Rouge does operate under a home rule charter which has been at times called The Plan of Government, originally adopted in 1947 to become effective January 1st of 1949. The Constitution of 1974, of the State of Louisiana, under Article VI, Section 4, provides that any prior home rule charter or plan of government would remain in effect upon the. adoption of the 1974 Constitution.
The Baton Rouge Plan of Government, in Section 11.04, provides that judges of the court, meaning the City Court, must be electors of the City of Baton Rouge and have been admitted to practice for three years or more. There is no question that Mr. DeFrances meets that minimal require *472 ment. However, Section 1873 of Title 13 of the Revised Statutes provides that judges of City Courts elected after the effective date of this section shall be licensed to practice law in the State of Louisiana for at least five years previous to their election and qualified resident electors of the territorial jurisdiction of the court for at least two years prior to their election.
Under the stipulated facts, Mr. DeFranc-es was not and is not a qualified resident elector of the territorial jurisdiction for the Baton Rouge City Court for at least two years prior to the election. Contrary to the situation in the case involving Judge Foil,a the City did not annex and, in other words, move out and acquire the residence of Mr. DeFrances where he had resided for more than two years but, to the contrary, Mr. DeFrances in a period of less than two years prior to this election moved from an area outside of the territorial limits of the City Court into an area within such territorial limits.
Mr. DeFrances contends that R.S. 13:1873 is inoperative in the present case as being in violation of the Plan of Government for the City of Baton Rouge and more or less contends that it’s in violation of the provisions of Article VI, Section 6, of the Constitution.
Article VI, Section 6, of the Louisiana Constitution provides that:
“The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.”
Mr. DeFrances has specifically called the Court’s attention to that portion in' the Constitutional Convention records referring to the terms “powers”, “functions” and “structure” and “organization” as being given the same definitions as given by the court in the case of LaFleur v. City of Baton Rouge, 124 So.2d 374, which is cited with approval by the Supreme Court in Letellier v. Jefferson Parish, 254 La. 1067, and 229 So.2d 101. However, it is this Court’s opinion that the statute in question, Section 1873 of Title 13, which has the residence provisions, does not violate the structure, the organization nor the distribution and redistribution of the powers and functions of the local governmental subdivision. As Justice Dennis stated in his concurring opinion in The City of New Orleans and the Honorable Ernest N. Morial, Mayor of the City of New Orleans v. The State of Louisiana, number 82-CA-2716 [426 So.2d 1318] on the docket of the Supreme Court of the State of Louisiana, with reference to certain laws which the lower court had declared unconstitutional that those statutes “do not interfere with the internal management of local government or with the compensation of its employees. Compare the statutes at issue to those found unconstitutional in LaFleur (and he gives the citation) and Letellier (and he gives that citation). Moreover, the subjects of the statutes at issue here are matters of statewide concern rightfully amenable to regulation by the state within its police power." And he gives further citations of authority.
This Court would also refer you to Article VI, Section 25, of the Constitution, a section following that of Article VI, Section 6, which provides that:
“Notwithstanding any provision of this article (that’s all of Article VI), courts and their officers may be established or affected only, as provided in Article V of this constitution.”
Clearly this section indicates that whatever limitations may be found in Article VI, Section 6, are inapplicable to laws affecting the courts and their officers.
In Article V of the Constitution, you will find Section 15 which retains even trial courts of limited jurisdiction but provides that the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. In this Court’s mind, the *473 greater has to include the lesser and if .the legislature could abolish a City Court, it surely can establish the qualifications to run for that office.
I would also note that the Louisiana State Supreme Court in the case I just cited, that is the City of New Orleans et al. v. The State of Louisiana, docket number 82-CA-2716 [426 So.2d 1318], held that the legislature pursuant to the police power which is reserved to the legislature in Article VI, Section 9, may impose obligations on local political subdivisions which might otherwise be invalid.
Having concluded, for the reasons I have already stated, that the provisions of Article VI, Section 6, of the Constitution are inapplicable because the statute in question does not affect the structure or. organization nor the distribution and redistribution of the powers and functions of local government, this Court is faced only with the question of whether R.S. 13:1873 may otherwise prevail over the provisions of the charter of the City of Baton Rouge. It is basic and probably could be called bornbook law that the legislature may by general law affect the provisions of a home rule charter of a parish or a municipality unless otherwise specifically restricted by the federal or state constitutions. By its own terms, the provisions of Section 1873 apply to judges of all city courts and it’s therefore general law. It may also be noted that the transitional provisions of the Constitution which are contained in Article XIV, Section 18, provide in pertinent part that:
“Laws in force on the effective date of this constitution, which were constitutional when enacted and are not in conflict with this constitution, shall remain in effect until altered or repealed or until they expire by their own limitation.”
R.S. 13:1873 was valid when enacted and no impediment exists to its continuing vitality. The Court has not had the time to go farther back and research but the annotated version of the Revised Statutes shows that Section 1873 was part of Act 32 of 1960 but, as .1 recall, that act was one implementing the revision of the Code of Civil Procedure and in all probability the source of Section 1873 goes back even before the adoption of the charter for the City of Baton Rouge; but, even if it doesn’t, it’s this Court’s opinion and ruling that it is a general law which the legislature has the right to adopt, that it does not violate Article VI, Section 6, of the Constitution, and is valid. And, under the facts which have been submitted to this Court, this Court has no alternative but to hold that Mr. DeFrances’ qualifications to be a candidate for City Judge must be adjudicated in light of the provisions of Section 1873, and his qualifications fail to meet those prescribed by law because he has not been a resident of the territorial jurisdiction of the City Court for at least two years prior to the election. Therefore, the relief sought by the plaintiff will be granted and this Court does hereby declare that Mr. DeFrances is disqualified as a candidate for the office of the Judge of the City Court of the City of Baton Rouge, Louisiana, with respect to the election proposed to be held on March 26, 1983.
A formal judgment will be signed accordingly.
WATKINS and LANIER, Judges, specially concurring.

. For example, the City of Baton Rouge was erroneously termed a party plaintiff; however, all counsel agreed that it should not have been so designated.

. See La. Const, of 1974 art. VI, §§ 4 and 25; art. V, § 15; art. Ill, § 1; art. XIV, § 16.

. See Langford v. Foil, 304 So.2d 423 (La.App. 1 Cir.1974), application denied 305 So.2d 123 (La.1974).