LANIER, Judge.
Article 96 of the Louisiana Constitution of 1898, effective May 12, 1898, authorized the legislature to abolish Justice of the Peace courts in wards containing cities of more than 5,000 inhabitants and create courts of limited jurisdiction in their place. Pursuant to Act 169 of 1898, effective on the second Tuesday of April, 1900, the offices of Justice of the Peace of the first and second wards of the Parish of East Baton Rouge were abolished and the City Court of the City of Baton Rouge was created., This Act designated the City Court as the “Judicial Department” of the City of Baton Rouge.[1]
*474 Pursuant to Act 389 of 1946, adopted by the people on November 5, 1946, the Louisiana Constitution of 1921 was amended to add Article XIV, § 3(a) which created a City-Parish Charter Commission with the power to draft a plan of government for the Parish of East Baton Rouge and the City of Baton Rouge. This constitutional provision provided, in pertinent part, as follows:
(2) Plan of government. Subject to the constitution and laws of this state with respect to the powers and functions of local government, as distinguished from structure, organization and particular distribution and redistribution of such powers and functions among the several units of local government within the Parish, such plan of government may provide, among other things:
(a) For consolidation, or reorganization, of all or part of the local governmental units, agencies and subdivisions in the parish, for the elimination or transfer of powers and functions of such units, agencies and subdivisions, for the creation of one or more new local governmental units, agencies and subdivisions, for the reorganization of one or more local governmental units, agencies or subdivisions, for the extension of municipal limits, and for all matters necessary or appropriate to the effectuation of such provisions, including, without limitation, the assumption by one local governmental unit, agency and subdivision of indebtedness of another or other and transfer of official personnel records, funds and other property and assets; and
(b) For revenue for the support of the one or more local governmental units, agencies or subdivisions proposed by the plan, including, without limitation, allocation of parish revenues to other units, agencies or subdivisions. (Emphasis added).
The plan was adopted on August 12, 1947, and became effective on January 1, 1949. Section 11.04 of the plan provided, in pertinent part, as follows:
City Court and Judge. There shall continue to be a City Court of the City of Baton Rouge, which shall have jurisdiction over the territorial area of the City of Baton Rouge, as extended by this Plan of Government, and the provisions of Title 13, Sections 2071 through 2080 of the Louisiana Revised Statutes of 1950, shall continue in full force and effect except to the extent that they are in conflict with the provisions of this Section.

Judges of the Court must be electors of the City of Baton Rouge, and have been admitted to the practice of law in Louisiana at least three (3) years prior to their selection.[2]
By Act 32 of 1960 (La.R.S. 13:1871 et seq.), the legislature established uniform provisions for City Courts. Chapter 7 of Title 13 of the Revised Statutes of 1950, entitled “City and Municipal Courts”, was repealed effective January 1, 1961, and a new Chapter 7 entitled “City Courts” was placed in its stead. The purpose of this change was stated in the comments by Henry G. McMahon at the beginning of the new Title 13 as follows:
This was done on the recommendation of the Louisiana State Law Institute to: (1) eliminate the numerous, lengthy, and repetitious statutory provisions regulating each of these city courts; (2) make uniform the provisions governing the power, authority, and functions of the judge, clerk, and marshal or constable of all city courts; and (3) implement the uniform rules in LSA-Code of Civil Procedure governing the procedure in civil actions and proceedings in all city courts.
City Courts, such as the City Court of Baton Rouge, which had been previously created and established by special legislative acts were recognized and continued in existence. La.R.S. 13:1952(4). The new Chapter *475 13 also contained La.R.S. 13:1873 which provided as follows:
Judges of city courts elected after the effective date of this Section shall be licensed to practice law in the State of Louisiana for at least five years previous to their election, and qualified resident electors of the territorial jurisdiction of the court for at least two years prior to their election.[3]
The Louisiana Constitution of 1921 established the Judicial Department of state government in Article VII, and provided for Parochial and Municipal Affairs in Article XIV. The Legislative Department of the State was vested with the power to create city courts and enact laws affecting them. La. Const. of 1921, art. VII, § 51(A); Medlen v. State, 418 So.2d 618 (La.1982); Gautreaux v. City of Baker, 270 So.2d 221 (La.App. 1st Cir.1972), writ denied 272 So.2d 377 (La.1973). Under the Louisiana Constitution of 1921, the office of judge of a City Court was an office of the State of Louisiana and not an office of local government. Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 (1952). The employees of a City Court were not employees of local government but were employees of the Court. Cosenza v. Aetna Insurance Company, 341 So.2d 1304 (La.App. 3rd Cir.1977); cf. Hryhorchuk v. Smith, 390 So.2d 497 (La.1980).
The authority granted to the City-Parish Charter Commission for drafting the plan of government only extended to local governmental units, agencies and subdivisions in the Parish. This authority did not extend to or affect the Judicial Branch of state government. Although the Louisiana Constitution of 1921 did not contain a definition of what comprised local government, Article VI, § 44 of the Louisiana Constitution of 1974 does, as follows:
(1) “Local governmental subdivision” means any parish or municipality.
(2) “Political subdivision” means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
In the Local Government Article (VI) of the Louisiana Constitution of 1974, existing Home Rule Charters and plans of government were maintained in effect. La. Const. of 1974, art. VI, § 4. However, Article VI, § 25 of the new Constitution entitled “Courts Not Affected” specifically provided as follows:
Notwithstanding any provision of this Article, courts and their officers may be established or affected only as provided in Article V of this constitution.
Article V of the Louisiana Constitution of 1974 establishes and provides for the Judicial Branch of state government. Article V, § 15(A) retains City Courts as part of the Judicial Branch of state government, and authorizes the Legislative Branch of state government to abolish and merge them. Under the Louisiana Constitution of 1974, the legislature has the exclusive power and authority to enact laws affecting City Courts. La. Const. of 1974, art. 3, § 1(A). Laws which were in conflict with these constitutional provisions ceased on the Constitution’s effective date. La. Const, of 1974, art. XIV, §§ 18(B) and 35.
For the foregoing reasons, we are of the opinion that the City-Parish Charter Commission did not have power or authority to create or affect a unit of the Judicial Branch of state government in the plan of government for the Parish of East Baton Rouge and City of Baton Rouge under the Constitution of 1921. The only authority that the local government of the Parish of East Baton Rouge and City of Baton Rouge has to affect the City Court of Baton Rouge is that which has been granted to it by the Legislative Branch of state government. See, for example, La.R.S. 13:1952; 13:1872(D); 13:1875(2); 13:1879(C); and 13:2071(A). Accordingly, the residency requirements of La.R.S. 13:1873 must prevail over those in Section 11.04 of the plan of government.
We agree that residency requirements are part of “organization and structure” as *476 those terms are defined in LaFleur v. City of Baton Rouge, 124 So.2d 374 (La.App. 1st Cir.1960). See also Letellier v. Jefferson Parish, 254 La. 1067, 229 So.2d 101 (1969). However, the organization and structure protection provided for in Article VI, § 6 of the Louisiana Constitution of 1974 is not applicable in this case. Article VI, § 6 only protects the organization and structure of local governmental subdivisions which operate under a home rule charter. Article VI, § 6 is not applicable to the Judicial Branch of state government as established in Article V. Since the City Court of Baton Rouge is part of the Judicial Branch of state government provided for in Article V, it is not entitled to the organization and structure protection of Article VI, § 6.
The case of City of New Orleans v. State, 426 So.2d 1318 (La.1983), is not applicable to this case. That decision held that the legislature could require local government to subsidize functions of state government such as administration of justice, law enforcement, assessment of taxes and voter registration. See, for example, La.R.S. 13:1875(2) and 13:2071(A). Such matters are not at issue in the instant case. This case holds that the legislature has the paramount right to establish residency requirements for the City Court of Baton Rouge because it is part of the Judicial Branch of state government.
For the foregoing reasons, we believe the result reached in this case to be correct.
APPENDIX NO. 1
SECTION 11.04. City Court and Judge. There shall continue to be a City Court of the City of Baton Rouge, which shall have jurisdiction over the territorial area of the City of Baton Rouge, as extended by this Plan of Government, and the provisions of Title 13, Sections 2071 through 2080 of the Louisiana Revised Statutes of 1950, shall continue in full force and effect except to the extent that they are in conflict with the provisions of this Section. The City Court shall be a court of record except where the amount in dispute is less than $100.00, exclusive
of interests. The City Court shall exercise such jurisdiction within the territorial limits of the City of Baton Rouge as may be conferred upon it by the Constitution of the State of Louisiana.
The City Court shall have but four Judges, unless the number be increased by a vote of two-thirds (%rds) of the members of the Metropolitan Council. The senior Judge in point of service on the court shall be the chief or presiding judge.
Judges of the Court must be electors of the City of Baton Rouge, and have been admitted to the practice of law in Louisiana at least three (3) years prior to their selection. The Judges of the City Court shall be elected for terms of six (6) years. The Judges of the City Court shall receive such salary as the Council may from time to time determine, but such salary shall not be decreased during their tenure of office and moreover, shall not be less than $39,500.00 per annum effective January 1, 1983. The annual salary of the City Judge or Judges shall be fixed by the Council by ordinance adopted at least one year prior to the commencement of the term of the City Judge or Judges whose compensation is to be affected thereby, and if no such ordinance be adopted, the compensation for the City Judge or Judges shall remain as previously fixed by the Council.
Judges of the Court shall not practice law, nor shall they or any officer or employee of the Court receive any fees.
The Clerk of the City Court shall be appointed by the City Judge at a salary fixed by the Council. The number and compensation of Deputy Clerks and employees, who shall be members of the Classified Service as provided in Chapter 9 of this Plan of Government or any Personnel System for City employees in general applicable to the City of Baton Rouge, shall be fixed by the Council.
All expenses of the Court, including the compensation of the Judge, Clerk and other employees, shall be paid from appropriations made by the Council.
*477 The Court shall have full power to make and promulgate its own rules of Court within the limitations as might otherwise be imposed by the Constitution or Legislature of Louisiana. (As amended July 29, 1952, effective September 5, 1952.) (As amended September 11,1982.)

. Act 169 of 1898 was subsequently amended by Act 60 of 1902, Act 156 of 1906, Act 161 of 1910, Act 243 of 1924, Act 17 of 1930, Act 260 of 1936, and Act 257 of 1944. These provisions *474 were subsequently denominated La.R.S. 13:2071-2080 in the Louisiana Revised Statutes of 1950.

. The entirety of Section 11.04 is attached to this opinion as Appendix No. 1.

. Other provisions of the new Chapter 13 (Act 32 of 1960) affecting the City Court of Baton Rouge are La.R.S. 13:1872(D); 13:1875(2); 13:1879(C); 13:2002; and 13:2071.