WILLIAM A. CULPEPPER, Retired, Judge Pro Tem.
Defendant-appellant, the City of Eunice, appeals the judgment of the Twenty-seventh Judicial District Court, Parish of St. Landry, which ordered defendant to pay plaintiff, Floyd Kenneth Bellard, his full wages for the days in 1986 during which he served in the military reserve. We affirm.
The facts of the instant case were stipulated to by the parties. Plaintiff is employed by defendant as a firefighter. Plaintiff also serves in the Officers’ Reserve Corps of the Army of the United States.[1] In 1986 plaintiff took a leave to perform his annual army reserve duty and missed five work days in March.
The City of Eunice refused to pay plaintiff for the days of work missed in accordance with a resolution adopted by the gov *798 erning authority for the City. Under this resolution the City supplements the pay which the employee receives from the National Guard if the National Guard pay is less than the regular city salary. Thus, if the pay from the City is equal to or less than the pay from the National Guard, the City pays nothing. If the pay from the National Guard is less than the pay from the City, the City pays the difference. The defendant asserts that the resolution is consistent with LSA-R.S. 42:394 or, in the alternative, that the resolution supercedes the State statute.
LSA-R.S. 42:394 provides:
“All officers and employees of the state, or of any parish, city, town, political subdivision, unit, or any state institution thereof, who are members of the Officers’ Reserve Corps of the Army of the United States, the National Guard of the United States, the Naval Reserve Corps, the Marine Corps Reserve, the Air Force Reserve, the Citizens Military Training Corps, or the Civil Air Patrol, either as officers or enlisted men, are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they are ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen days in any one calendar year; and when relieved from duty, they are to be restored to the positions held by them when ordered to duty.” (Emphasis Added)
Defendant asserts that the phrase “without loss of pay” should be interpreted to mean the equivalent of the City’s resolution. Plaintiff asserts that this statute must be interpreted to mean that the military reserve pay is in addition to the employee’s regular salary.
The resolution adopted by the governing authority for the City of Eunice is not material to the issues in this case because it refers to the National Guard only. See Appendix I to this opinion. Whatever it may mean, the resolution does not affect the United States army reserve forces. While the national guard and the army reserve forces may constitute somewhat similar programs, they are separate entities. Nevertheless if, by some rough analogy (which we deny), the City ordinance reference to the National Guard could be construed to be illustrative, and thus cover all reserve-type armed forces, we still consider defendant’s position to be incorrect.
We agree with the interpretation of the plaintiff which was adopted by the trial court. In his reasons for judgment, the trial judge cites an opinion of the attorney general. Vol. II, Op.Atty’s Gen., 2043 (May 22, 1941). The opinion states “the officer or employee of the State who is ordered to military duty in any of the military corps mentioned in the statute is entitled to leave of absence from his public duties without loss of pay as such officer or employee of the State ... despite the fact that he also receives some compensation for his limited military service.” Supra, at 2048. LSA-R.S. 42:394 was enacted at the time of World War II. Defendant argues that a “strained reading of the statute” is required to support an interpretation that the military pay is in addition to the regular pay. To the contrary we find that, given the circumstances surrounding its enactment, a strained reading of the statute would be required for us to agree with defendant’s interpretation of the plain words of LSA-R.S. 42:394. Moreover, the plain meaning of the statutory language supports the same conclusion.
Defendant argues in the alternative that the City’s resolution supercedes the State statute since “determining the salaries paid to city employees is such a fundamental power of local self-government.” We disagree with the defendant’s assertion.
Article VI of the Louisiana Constitution sets forth general provisions for local government. Sections 5(E) and 7(A) provide that local governments may exercise any power and perform any function necessary, requisite or proper for the management of its affairs, not denied by general law or inconsistent with the constitution. Section 14 of Article VI provides further that:
“No law requiring increased expenditures for wages, hours, working condi *799 tions, pension and retirement benefits, vacation, or sick leave benefits of political subdivision employees, except a law providing for civil service, minimum wages, working conditions, and retirement benefits for firemen and municipal policemen, shall become effective until approved by ordinance enacted by the governing authority of the affected political subdivision or until the legislature appropriates funds for the purpose to the affected political subdivision and only to the extent and amount that such funds are provided. This Section shall not apply to a school board.” (Emphasis added.)
The emphasized portion of the section clearly shows a constitutional intent to except from its provisions the matters relating to minimum wages and working conditions for firemen. New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982), and Spillman v. City of Baton Rouge, 441 So.2d 1243 (La.App. 1st Cir.1983), writ denied, 446 So.2d 1213 (La.1984). LSA-R.S. 42:394 is consistent with the exercise of the legislature’s plenary power to mandate wages for civil service employees, more specifically firemen.
It is our conclusion and we so hold that the City’s resolution does not alter LSA-R. S. 42:394, and the trial court properly held that Mr. Bellard was entitled to his full city wages while serving for five days on army reserve duty.
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.
APPENDIX I
Floyd Kenneth Bellard vs City of Eunice
# 86-1138-A
EUNICE, LOUISIANA
FEBRUARY 21, 1986
The Mayor and Board of Aldermen of the City of Eunice met in special session at the City Hall, the regular meeting place of said Board, at 8:00 o’clock a.m., on February 21, 1986.
The Mayor announced that a quorum was present and ready to transact business.
WHEREUPON, the following Resolution was introduced by Mrs. Fontenot, who moved its adoption and seconded by Mr. Dupre.
RESOLUTION
A Resolution acknowledging the City’s statement of position concerning the pay of City workers on National Guard duty.
BE IT RESOLVED by the Mayor and Board of Aldermen of the City of Eunice, the governing authority of said City, in special session convened:
SECTION 1.: Be it known by the interested parties that the administration of the City of Eunice, State of Louisiana duly acknowledges the City’s statement of position concerning the pay of City workers on National Guard duty. A City worker on National Guard duty would not lose money while on duty. The City will be responsible for paying the difference between his regular city salary and the salary received by the government.
The above and foregoing Resolution having been submitted to a vote, the vote thereon was as follows:
YEAS: Babineaux, Dupre, Bellow, Fon-tenot
NAYS: None
ABSENT: Peart
Thus said and done this 21st day of February, 1986.
Curtis Joubert CURTIS JOUBERT, MAYOR
ATTEST:
Shirley F. Vige, Sr SHIRLEY F. VIGE, SR., CLERK

. The term "officers’ Reserve Corps of the Army of the United States” is employed in this opinion as it is the term which appears in LSA-R.S. 42:394 and because the parties have used it in the pleadings.