Dear Mr. Diasselliss:
This responds to your request for an opinion concerning the statutorily mandated entitlements of Louisiana Revised Statute42:394 for military service members.
You advise that the question concerns "whether the School Board can deduct any compensation paid to a substitute teacher if one is employed" while the school board employee is taking military leave.
The provisions of Louisiana Revised Statute 42:394 are very explicit and read as follows:
 394. Leave of absence for officers and employees in certain branches of armed forces
 All officers and employees of the state, or of any parish, city, town, political subdivision, unit or any state institution
thereof, who are members of the Officers' Reserve Corps of the Army of the United States, the National Guard of the United States, the Naval Reserve Corps, the Marine Corps Reserve, the Air Force Reserve, the Citizens Military Training Corps, or the Civil Air Patrol, either as officers or enlisted men, are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they are ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen days in any one calendar year; and when relieved from duty, they are to be restored to the positions held by them when ordered to duty. (Emphasis ours.)
The statute clearly provides that the designated service members are entitled to a leave of absence "without loss of pay, time, annual leave or efficiency rating". Thus, compensation paid to a substitute teacher may not be deducted from the compensation of the employee.
These provisions are regarded as statutory mandates and may not be modified or superseded by policy, ordinance or resolution of a state or local agency or political subdivision. See Bellard v.City of Eunice, 524 So.2d 797 (3d Cir. 1988), upholding the clear and unambiguous language of the statute; Op. Atty. Gen. No. 86-751, December 29, 1986 (copy attached.) See also Ops. Atty. Gen. No. 75-207, 75-931, 77-615, 77-1117, 78-318. 81-779, 84-253, 84-742 and 89-336. If violations occur, the person injured by the violation may seek legal recourse.
In short summary, the statutes enacted by the Louisiana Legislature control this area and prescribe the entitlements guaranteed to the specified service members. We know of no statutes, court cases or opinions to the contrary. Should a violation of these provisions occur, the statutes provide for the district attorney to act as the attorney for the service member (R.S. 29:38.1) or in the case of failure, refusal or inability of the district attorney to serve, the court may award reasonable litigation expenses, including attorneys fees, to the service member (R.S. 29:38.3). Federal law provides similar relief and designates the U.S. Attorney or comparable official to act as the attorney for the service member. Thus, suit may also be brought in U.S. District Court and no state statute of limitation applies (38 U.S.C. § 2021 et seq.).
We hope that this opinion is of assistance to you and if we may be of further help, please call upon us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________ GARY L. KEYSER Assistant Attorney General