Dear Mayor Marcantel:
In response to your first inquiry of recent date, note that the Louisiana Constitution grants to the legislature plenary power over the minimum wage and law standards of firemen and policemen. Thus, R.S. 33:1999[1] regarding compensation for firefighters' work on holidays is applicable to all home-rule charter municipalities. See LSA-Const. Art. 6, Section 14 (1974);Spillman vs. City of Baton Rouge, 441 So.2d 1243 (La.App. 1st Cir. 1983); writ den., 446 So.2d 1213 (La. 1984); Ruby vs.City of Shreveport, 427 So.2d 1267 (La.App. 2nd. Cir. 1983);writ den., 433 So.2d 154 (La. 1983), copies attached.
In response to your second question, the local governing authority has within its discretion the authority to declare police employees' birthdays to be holidays for *Page 2 
purposes of additional compensation granted by R.S.33:2214.1.[2] See Attorney General Opinion 81-1236, copy attached.
In response to your third question, the following work day may not be considered an employee's holiday when a holiday occurs on an employee's normal day off. See Attorney General Opinion 81-1236, copy attached.
Should you have further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL KLK:ams
[1] R.S. 33:1999 regarding firefighters is entitled "work on holidays" and provides:
 A. Firefighters in municipalities, parishes, and fire protection districts who are required to work on holidays as provided for in Subsection B of this Section shall receive in addition to the compensation to which such employee would be entitled under laws and pay plans now in effect, compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale; provided that in lieu of additional compensation, governing authorities, at their option, may grant fire department employees time off from work for which such additional compensation would be due and payable to said employees.
 B. Firefighters in municipalities, parishes, and fire protection districts shall be entitled to not less than ten holidays per year. Such holidays shall be named by the governing authority of the municipality, parish, or fire protection district pursuant to their established holiday policy.
[2] R.S. 33:2214.1 regarding policemen is entitled to "work on holidays" and provides:
 All municipal police department employees to which this Subpart applies who are required to work on Christmas, New Year's Day, July 4th, and Labor Day, and/or on any other two state legal holidays to be selected and designated by the local governing authority, shall receive, in addition to the compensation to which such employee would be entitled under laws and pay plans in effect, extra compensation at the rate of one times his usual salary, to be determined by reducing his average monthly salary to an hourly scale but which, in no event, shall be less than two times the hourly rate payable to the employee for straight or regular time under laws or pay plans in effect; provided, that in lieu of additional compensation, governing authorities, at their option, may grant police department employees time off from work for which such additional compensation would be due and payable to said employees.
 Nothing in this Section shall preclude a local governing authority from granting to its municipal police department employees covered hereby, additional holidays; provided payment therefore is not less than required by the provisions of this Section.
OPINION NUMBER 81-1236
March 16, 1982
71-1-1 . . . MUNICIPAL FIRE POLICE CIVIL SERVICE R.S. 33:2214.1 R.S. 33:1999
Following work day may not be considered holiday when holiday falls on employee's day off. Employee's birthday is not legal holiday, but authority may so declare for police employees. Additional compensation is one times the regular rate of pay.
Mr. James A. Norris, Jr. City Attorney City of West Monroe Courthouse Building West Monroe, LA 71291